**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BARRY BENSON, JR.,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 4:07-0352** |
| v. | : | **(MCCLURE, D.J.)** |
| | : | **(MANNION, M.J.)** |
| **JOHN FORNEY, Parole Agent,** | : | |
| **CHRIS SMITH, Parole Agent, &** | | |
| **MR. MIKE BOWMAN, Landlord,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

On February 23, 2007, the pro se plaintiff, a prisoner at the State Correctional Institution at Camp Hill, Pennsylvania, who has applied to proceed in forma pauperis, filed a complaint against the Board of Probation and Parole; Mrs. S. Miller, a parole supervisor; John Forney, a parole agent, Chris Smith, a parole agent; and, Mike Bowman, a landlord. The plaintiff alleged that Mr. Bowman, the plaintiff's prospective landlord, breached the lease by refusing rent him an apartment, after he was informed by the parole agents that the plaintiff had been convicted of drug crimes. (Doc. No. 1.) The court preliminarily considered the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)[1] and found it insufficient as filed because the Board of

---

[1]Section 1915A mandates that a district court preliminarily review a complaint filed by a prisoner against a government or its officers and employees and dismiss the complaint in whole or in part "if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Section 1915(e)(2)(B) mandates that a district court dismiss a case by a plaintiff proceeding in forma pauperis "if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on

Probation and Parole is not amenable to suit under § 1983; Mrs. Miller is a supervisor with the Board whose liability was premised on respondeat superior; Mr. Bowman is a private actor who is not amenable to a suit under §1983 without an allegation of action under color of law; the plaintiff failed to specify the factual basis of Mr. Smith's personal involvement in the alleged deprivation; and, although the plaintiff alleged specific actions by Mr. Forney, he failed to identify any constitutional right that the alleged actions violate. Accordingly, the court issued the following order on April 2, 2007:

(1). the plaintiff shall have thirty (30) days from the date of this order, on or before May 2, 2007, to file an amended complaint in compliance with the discussion above;
(2). the plaintiff's amended complaint shall be complete in and of itself without reference to any prior filings, such as the original complaint;
(3). the plaintiff's amended complaint shall include any and all proper defendants, persons acting under color of law, whom the plaintiff wishes to name in this action;
(4). the plaintiff's amended complaint must include appropriate allegations of each defendant's personal involvement;
(5). the plaintiff's amended complaint must specifically state the constitutional right that each defendant has allegedly violated;
(6). in accordance with Federal Rule of Civil Procedure 8(a), the plaintiff's amended complaint shall set forth a short and plain statement of the grounds upon which the court's jurisdiction depends;
(7). in accordance with Federal Rule of Civil Procedure 10(b), the plaintiff's amended complaint shall be divided into separate, numbered paragraphs, the contents of each of which shall be limited, as far as practicable, to a statement of a single set of circumstances;

---

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

> (8). in accordance with Fed.R.Civ.P. 8(e), each averment of the plaintiff's amended complaint shall be <u>short</u>, <u>concise</u> and <u>direct</u>;
> (9). the plaintiff's amended complaint shall contain a short and plain statement of the claim for relief and a demand for specific judgment; and,
> (10). should the plaintiff fail to file his amended complaint within the required time period, or fail to follow the above-mentioned procedures, a recommendation will be made to dismiss this action.

(Doc. No. 14.)

On May 4, 2007, the plaintiff submitted an amended complaint.[2] The plaintiff brings the amended complaint against Mssrs. Bowman, Smith, and Forney. The amended complaint states:

> On 1-25-07, I met with a Mr. M. Bowman at his above home address . . . . I sign a lease agreement and pay him $750.00. He call me on 2-3-07 and aks me to come pick up my rent & security deposit.
>
> On 2-5-07, I spoke or try to speak with "Agent Chris, Smith, to try and get an understanding as to what went wrong. But as I explain to him, what happen, between Mr. M. Bowman and myself, Mr. C. Smith look me in my face and said, so what, and walk away.
>
> I then tryed my best to call Agent Forney, but he wouldn't take any of my call's. I feel that Mr. Forney and Smith, behavior was truly accepteble as they did their best to sabotage my character for no good reasons.
>
> Wherefore, the petitioners prays that this "Honorable Court," would grant him 5,000.00 for Mr. Mike Bowman breaking our

---

[2]The amended complaint supersedes the original complaint. <u>Washer v. Bullitt Co.</u>, 110 U.S. 558, 561-62 (1884) ("When a petition is amended by leave of the court, the cause proceeds on the amended petition."); <u>Snyder v. Pascack Valley Hosp.</u> 303 F.3d 271, 276 (3d Cir. 2002); <u>see also</u> CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 6 FEDERAL PRACTICE AND PROCEDURE 2d § 1476 (1990).

lease agreement for no just reason.  Also for his deliberate of indifference without ever speaking to me concerning that issue or any other issue.

The petitions prays that this "Honorable Court," would grant him $10,000.00 fibulous statment's, concerning me and telling Mr. Mike Bowman that I was arrested for manufactor and pushing drugs.  I've never been arrested for that nonesense.

The petitioners prays that this "Honorable Court," would grant him $20,000.00 for Mr. Chris Smith for stating that, I was arrest for manufacturing cocaine and selling drugs.  Mr. C. Smith sabotage my character without knowing anything about me. Him and Mr. C. Smith also caused my family and myself a lot of stress and suffering, that was uncalled for.

(Doc. No. 16 (grammar as in original).)

The court has preliminarily reviewed the amended complaint and finds it insufficient in respect of Mr. Bowman.³ Section 1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the U.S. Constitution or federal law. Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  To state a claim under §1983, the plaintiff must show that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. §1983; American Mfrs. Mut. Ins. Co.

---

³Under the liberal pleading standard accorded pro se litigants, see Haines v. Kerner, 404 U.S. 519, 520 (1972) the plaintiff's factual allegations against Mssrs. Forney and Smith are barely sufficient to raise an allegation of invasion of privacy. The statement of claim does not actually allege any actions taken by them related to the breach of contract, but the prayer for relief makes it clear that they allegedly caused Mr. Bowman to break the lease by informing him of allegedly false crimes by the plaintiff. Considering the plaintiff's pro se status, this conceivably suffices to survive preliminary consideration.

4

v. Sullivan, 526 U.S. 40, 49-50 (1999); Kaucher, 455 F.3d at 423. In the amended complaint, the plaintiff clearly fails to allege that Mr. Bowman acted under color of state law when he allegedly breached the lease.  Moreover, breach of contract by a private party is not a constitutional violation. Accordingly, Mr. Bowman should be dismissed from the action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the plaintiff's complaint be **DISMISSED** as against Mr. Bowman.

        s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Date: May 21, 2007
O:\shared\REPORTS\2007 Reports\07-0352.01.wpd