IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BARRY BENSON, JR.,   :
          :  Civil Action No. 4:CV-07-352
    Plaintiff,   :
          :
  v.        :  (Judge McClure)
          :
BOARD OF PROBATION  :
AND PAROLE, et al.,   :
          :  (Magistrate Judge Mannion)
    Defendants.  :

**O R D E R**

June 14, 2007

**BACKGROUND:**

On February 23, 2007, plaintiff Barry Benson Jr., an inmate at the State

Correctional Institutional at Camp Hill, Pennsylvania, filed a pro se civil rights

action pursuant to 42 U.S.C. § 1983.  Contemporaneously with the filing of his

complaint, Benson filed an application to proceed in forma pauperis.  In his initial

complaint, Benson names five defendants: 1) The Pennsylvania Board of Probation

and Parole; 2) Mrs. S. Miller, parole supervisor; 3) Mr. John Forney, parole agent;

4) Mr. Chris Smith, parole agent; and 5) Mr. Mike Bowman, landlord.  Benson

alleges that defendant Bowman breached a lease by refusing to rent him an

apartment after being falsely informed by defendants Smith and Forney that

plaintiff had been convicted of drug crimes.

The matter was initially referred to United States Magistrate Judge Malachy E. Mannion.  On April 2, 2007, after an initial screening of the complaint, the magistrate judge concluded that defendant Board of Probation and Parole was not amenable to suit under § 1983, that defendant Miller was a supervisor whose liability was premised on <u>respondeat</u> <u>superior</u>, that defendant Bowman was a private actor not amenable to suit under § 1983, that plaintiff had failed to specify the factual basis of defendant Smith's involvement with any alleged constitutional violations, and finally that plaintiff failed to identify any constitutional right that was violated by defendant Forney.  (Rec. Doc. No. 14.)  Therefore, the magistrate judge ordered plaintiff to file an amended complaint.

On May 4, 2007, plaintiff filed an amended complaint.  (Rec. Doc. No. 16.) In his amended complaint, plaintiff only complains of the actions of defendants Bowman, Smith, and Forney.

On May 21, 2007, the magistrate judge filed a five-page report recommending that the complaint be dismissed as to defendant Bowman.  (Rec. Doc. No. 20) However, the magistrate judge concluded that the complaint did sufficiently state a claim against defendants Forney and Smith.

Petitioner has not filed any objections to the magistrate judge's report and

recommendation.  On May 24, 2007, plaintiff filed a second amended complaint (Rec. Doc. No. 21) and a motion for appointment of counsel (Rec. Doc. No. 23). On May 25, 2007, plaintiff filed a motion for release from custody for surgery. (Rec. Doc. No. 24.)  Finally, on June 11, 2007, plaintiff filed a third amended complaint.  (Rec. Doc. No. 25.)

The court will now conduct an initial screening pursuant to 28 U.S.C. § 1915A.  Section 1915A mandates that a district court conduct a preliminary examination of a complaint filed by a prisoner against a government entity or its officers and employees, and dismiss the complaint in whole or in part if the complaint fails to state a claim upon which relief may be granted.[1]

Now, for the following reasons, we will adopt in-part the magistrate judge's report.  We will dismiss plaintiff's first amended complaint with prejudice, dismiss plaintiff's second and third amended complaints without prejudice, and will deny plaintiff's motion for appointment of counsel and his motion for release from custody for surgery.

---

[1] Although plaintiff has sued a landlord, whom we do not find to be a government officer or employee, we nevertheless will screen the complaint because plaintiff has sued two "parole agents," who are clearly government officers and employees.

**DISCUSSION:**

## I. Legal Standard

A district court reviews <u>de novo</u> those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  <u>Id.</u>

In performing the court's screening function under 28 U.S.C. § 1915A to determine whether the complaint fails to state a claim upon which relief can be granted, the court will apply the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>Weiss v. Colley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).  Under this standard, the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993).  Furthermore, the court must consider whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  <u>Maio v. Aetna, Inc.</u>, 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should be dismissed only if the court, from evaluating the allegations in the complaint, is certain that under any set of facts relief cannot be granted.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Morse v. Lower Merion School</u>

<u>Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997); <u>Markowitz v. Northeast Land, Co.</u>, 906 F.2d 100, 103 (3d Cir. 1994).  Additionally, a court may dismiss a claim where there is a "dispositive issue of law."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326 (1989).

## II. § 1915A Screening of the First Amended Complaint

Plaintiff has brought a claim under 42 U.S.C. § 1983.  In order for plaintiff to prevail under 42 U.S.C. § 1983 he must establish two elements: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 184 (3d Cir. 1993).

Plaintiff's first amended complaint alleges that plaintiff entered into a lease with defendant Bowman in which Bowman would rent plaintiff an apartment. (Rec. Doc. no. 16, at 2.)  Plaintiff further alleges that defendants Smith and Forney, who are both "parole agents," falsely informed Bowman that plaintiff had been convicted of drug crimes and that this was the reason that Bowman breached the contract.  (<u>Id.</u>)

The magistrate judge concluded that plaintiff had failed to state a claim for relief against defendant Bowman because there was no allegation that he acted

under color of state law.  (Rec. Doc. No. 20, at 5.)  Therefore, he recommended that the complaint be dismissed as to defendant Bowman.  (Id.)  As to defendants Forney and Smith, the magistrate judge concluded that plaintiff's allegations were just barely sufficient to raise an allegation of invasion of privacy.  (Id. at 4 n. 3.)  Therefore, the magistrate judge did not recommend that the complaint be dismissed as to defendants Forney and Smith.

We agree with the magistrate judge that plaintiff has failed to state a claim against defendant Bowman.  Plaintiff has simply alleged that defendant Bowman is a landlord who breached a rental agreement that plaintiff had entered into with him.  (Rec. Doc. No. 16, at 2.)  Therefore, we find this insufficient to allege that Bowman acted under color of state law and will dismiss the complaint as to him.

As to defendants Forney and Smith, we disagree with the magistrate judge that plaintiff's allegations are sufficient to raise an allegation of invasion of privacy.  (Rec. Doc. No. 20, at 4 n. 3.)  Plaintiff's first amended complaint alleges that after defendant Bowman breached the rental agreement, plaintiff tried to speak with defendant Smith "to get an understanding as to what went wrong" with the lease but as he explained to Smith what had happened, Smith looked plaintiff in the face and said "so what" and walked away.  (Rec. Doc. No. 16, at 2.)  Furthermore, plaintiff alleges that he tried to call defendant Forney regarding what had gone

wrong with the lease, but he would not take any of plaintiff's calls.  (<u>Id.</u>)  In his

prayer for relief, plaintiff adds that Forney and Smith made false statements to

Bowman by stating that plaintiff had been arrested for manufacturing and

distributing drugs and this is the reason that defendant Bowman breached the lease.

(<u>Id.</u> at 3.)

      We do not find that plaintiff's allegations are sufficient to state a

constitutional violation.  First, we note that plaintiff's initial complaint complained

of the same conduct as the first amended complaint.  (Rec. Doc. No. 1, at 2-3.)

The magistrate judge concluded that plaintiff had failed to identify the

constitutional right that defendant Forney's actions violated and ordered plaintiff to

file an amended complaint that "specifically stat[ed] the constitutional right that

each defendant [had] allegedly violated."  (Rec. Doc. No. 14, at 5 ¶ 5.)  We find

that plaintiff has failed to do so.  Furthermore, even assuming that defendants

Forney and Smith are parole agents and did make false statements to plaintiff's

prospective landlord, we do not find that this conduct amounts to a constitutional

violation.  This is an allegation of defamation by slander, which would constitute a

state law tort.  We have been unable to find any court decisions ruling that

defamation by an individual acting under color of state law is a constitutional

violation.  Similarly, even to the extent that defendants invaded plaintiff's privacy,

we are unable to find any court decisions basing a § 1983 claim on an invasion of privacy of this nature.

Additionally, we note that we have considered the fact that plaintiff is proceeding <u>pro</u> <u>se</u> and that his pleadings should be construed liberally.  <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d. Cir.2003) (citation omitted).  Nevertheless, we will order the entire complaint dismissed.  Plaintiff was directed to file an amended complaint and to identify the specific constitutional right that was violated.  He completely failed to do so.  Furthermore, even if we were to grant plaintiff leave to amend, we do not understand how plaintiff could change his allegations of defamation into a constitutional violation.  Therefore, we find that granting plaintiff leave to amend would be futile.

Finally, we note that we will also deny plaintiff's motion for appointment of counsel.  (Rec. Doc. No. 23.)  We have found that plaintiff's complaint has failed to state a claim against any of the named defendants and have also ruled that granting leave to file an amended complaint would be futile.  Therefore, we find no reason to appoint counsel and will deny the motion.

### III.  Plaintiff's Second Amended Complaint

Plaintiff's second amended complaint names the same defendants and was docketed under the same case number, but actually appears to be an entirely new

8

matter.  In his statement of claim associated with this complaint, plaintiff complains of medical issues and appears to argue that he is being denied a surgery which is a medical necessity.  (Rec. Doc. No. 25, at 2.)  Furthermore, plaintiff filed a "motion for release of custody for surgery" in which he again discusses the need for surgery.  (Rec Doc. No. 24.)  Because plaintiff's second amended complaint appears to state an entirely new claim, we will dismiss the complaint without prejudice to plaintiff's right to file a new cause of action under a different case number and presumably against a different set of defendants.  Furthermore, we will dismiss plaintiff's "motion for release of custody for surgery" for the same reasons.

## IV.  Plaintiff's Third Amended Complaint

Plaintiff's third amended complaint again complains of plaintiff's medical issues and actually alleges that his constitutional rights under the Eighth and Fourteenth Amendments are being violated.  (Rec. Doc. No. 27.)  We will dismiss this complaint for the same reasons we are dismissing the second amended complaint.  This is an entirely new matter, and plaintiff should file an entirely new complaint under a new case number with new defendants.  Therefore, we will dismiss this complaint without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Plaintiff's application to proceed in forma pauperis is GRANTED. (Rec. Doc. No. 2.)

2.   United States Magistrate Judge Malachy E. Mannion's Report and Recommendation is adopted to the extent it is consistent with this opinion.  (Rec. Doc. No. 20.)

3.   Plaintiff's first amended complaint is DISMISSED with prejudice. (Rec. Doc. No. 16.)

4.   Plaintiff's second amended complaint (Rec. Doc. No. 21), and third amended complaint (Rec. Doc. No. 27) are DISMISSED without prejudice.

5.   Plaintiff's "Motion for Release of Custody for Surgery" is DENIED. (Rec. Doc. No. 24.)

6.   Plaintiff's "Motion for Appointment of Counsel" is DENIED.  (Rec. Doc. No. 23.)

7.   Plaintiff is ordered to not file any more complaints or other documents relating to his medical issues under this case number.

8.      The clerk is directed to close the case file.


                                               <u>   s/ James F. McClure, Jr.   </u>
                                                 James F. McClure, Jr.
                                                 United States District Judge